IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: Federal Mogul Global, Inc., *et al.*, | (Bankruptcy Case No. 01-10578)(RTL) |
| Debtors. | |

THE OFFICIAL COMMITTEE OF )
ASBESTOS CLAIMANTS and )
ERIC D. GREEN, as the )
LEGAL REPRESENTATIVE FOR )
FUTURE ASBESTOS CLAIMANTS, )
)
    Plaintiffs, )
)
v. ) Civil Action No. 05-59 JHR
)
ASBESTOS PROPERTY )
DAMAGE COMMITTEE, )
)
    Defendant. )

**CERTIFICATION OF COUNSEL REGARDING
ORDER ADOPTING STIPULATED CONFIDENTIALITY ORDER**

Upon the joint application of Plaintiffs, the Official Committee of Asbestos Claimants and the Legal Representative for Future Asbestos Claimants (the "Futures Representative"), and Defendant, the Asbestos Property Damage Committee (collectively, "the Parties"), and with the consent of non-parties the Center For Claims Resolution, Inc. ("CCR") and Debtors Federal-Mogul Corporation, T&N Limited, Gasket Holdings Incorporated, and Ferodo America, Inc. ("Debtors"), and all Parties, CCR and the Debtors by their respective counsel having subscribed to the Stipulated Confidentiality Order appended hereto, the Parties, CCR, and the Debtors respectfully request that the Court enter the order attached hereto as Exhibit A at its earliest convenience.

Dated: Wilmington, Delaware
May 25, 2005

| | |
|---|---|
| CAPLIN & DRYSDALE, CHARTERED<br>Elihu Inselbuch<br>399 Park Avenue<br>New York, New York 10022<br>Telephone: (212) 319-7125<br>Facsimile: (212) 644-6755<br><br>-and-<br><br>CAPLIN & DRYSDALE, CHARTERED<br>Walter B. Slocombe<br>Nathan D. Finch<br>One Thomas Circle, N.W.<br>Washington, DC 20005<br>Telephone: (202) 862-5000<br>Facsimile: (202) 429-3301<br><br>-and-<br><br>CAMPBELL & LEVINE, LLC<br><br>/s/ Marla R. Eskin<br>Marla R. Eskin (No. 2989)<br>Kathleen J. Campbell (No. 4229)<br>800 N. King Street, Suite 300<br>Wilmington, Delaware 19801<br>Telephone: (302) 426-1900<br>Facsimile: (302) 426-9947<br><br>Attorneys for Official Committee of<br>Asbestos Claimants | YOUNG CONAWAY<br>STARGATT & TAYLOR LLP<br><br>_/s/ M. M._____<br>James L. Patton, Jr. (No. 2202)<br>Edwin J. Harron (No. 3396)<br>Rolin Bissell (No. 4478)<br>Maribeth L. Minella (No. 4185)<br>1000 West Street, 17th Floor<br>P.O. Box 391<br>Wilmington, Delaware 19899-0391<br>Telephone: (302) 571-6600<br>Facsimile: (302) 571-1253<br><br>Attorneys for Legal Representative for<br>Future Asbestos Claimants |

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: Federal Mogul Global, Inc., *et al.*, | | (Bankruptcy Case No. 01-10578)(RTL) |
| Debtors. | | |

| | | |
|---|---|---|
| THE OFFICIAL COMMITTEE OF ASBESTOS CLAIMANTS and ERIC D. GREEN, as the LEGAL REPRESENTATIVE FOR FUTURE ASBESTOS CLAIMANTS, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 05-59 JHR |
| ASBESTOS PROPERTY DAMAGE COMMITTEE, | ) ) ) ) | |
| Defendant. | ) | |

## ORDER ADOPTING STIPULATED CONFIDENTIALITY ORDER

Upon the joint application of Plaintiffs, the Official Committee of Asbestos Claimants and the Legal Representative for Future Asbestos Claimants (the "Futures Representative"), and Defendant, the Asbestos Property Damage Committee (collectively, "the Parties"), and with the consent of non-parties the Center For Claims Resolution, Inc. ("CCR") and Debtors Federal-Mogul Corporation, T&N Limited, Gasket Holdings Incorporated, and Ferodo America, Inc. ("Debtors"), and all Parties, CCR and the Debtors by their respective counsel having subscribed to the Stipulated Confidentiality Order appended hereto, and for good cause shown;

It is on this _____ day of June, 2005:

ORDERED that the Stipulated Confidentiality Order attached to this Order is hereby adopted and incorporated herein by reference as the Order of this Court for purposes of the contested matter initiated by the Plaintiffs' Claims Estimation Motion; and it is further

ORDERED that any motion to amend the terms of the Stipulated Confidentiality Order shall be served upon the CCR and the CCR shall have five business days following receipt of service to respond to any such motion; and it is further

ORDERED that the Court may further modify the Stipulated Confidentiality Order on its own motion in any manner that may be consistent with due process of law, including the rights of the CCR; and it is

ORDERED that the terms of the Stipulated Confidentiality Order shall govern, the CCR Documents (as defined therein) and the content of such Documents, except to the extent expressly modified by any subsequent Order of this Court; and it is further

ORDERED that all Parties have reserved their respective rights and objections to the admissibility of the CCR Documents or the content of such Documents, including the relevancy thereof.

DATED: June ____, 2005

_____
United States District Judge

## STIPULATED CONFIDENTIALITY ORDER

WHEREAS, the Asbestos Property Damage Committee ("PD Committee") has requested the production of certain documents from the Debtors relating to the Center for Claims Resolution ("CCR" and "CCR Documents" respectively) which the PD Committee contends may be probative of the issues raised by the Plaintiffs' pending Claims Estimation Motion;

WHEREAS, the PD Committee's request for production of the CCR Documents involves issues relating to the confidential nature and claimed privileged status of the CCR Documents;

WHEREAS, similar issues of confidentiality and privilege have been addressed previously by the litigants in a separate action before this Court, Adversary Proceeding No. 01-8885, that resulted in the filing of a *Stipulated Confidentiality Order* approved by this Court's *Order Adopting Stipulated Confidentiality Order* entered in such action on April 12, 2002;

WHEREAS, for purposes of the Claims Estimation Motion, the signatories hereto have stipulated and agreed to adopt the terms and conditions set forth in this Stipulated Confidentiality Order with respect to any CCR Documents (as well as the content of such Documents) that may be produced by CCR; and

WHEREAS, accordingly, the signatories hereto have agreed upon the following terms and conditions, and request entry of an Order of the Court adopting such terms and conditions for purposes of the Claims Estimation Motion.

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among the undersigned attorneys for the undersigned parties and non-parties in the above-captioned action, and made an Order of the Court, that this Stipulated Confidentiality Order shall govern the handling of discovery, including but not limited to documents, deposition testimony, deposition

exhibits, and recorded or graphic matter ("Discovery Material") produced by, obtained from, or related to the Center for Claims Resolution, Inc. ("CCR").

IT IS FURTHER stipulated and made an Order of the Court that until this Stipulated Confidentiality Order is amended or superseded, all parties and non-party witnesses shall follow the procedures set forth below with respect to certain Discovery Material provided in this Action.

1. <u>Designation of Discovery Material as "Confidential"</u>. As used herein, the term "CCR Confidential Discovery Material" means any Discovery Material designated "Confidential" by the CCR, including, but not limited to settlement agreements with asbestos claimants designated "Confidential" and any information concerning the terms, conditions, negotiation of or implementation of such settlement agreements which are designated "Confidential". CCR Confidential Discovery Material shall also mean all documents that reveal or disclose information contained in documents designated as confidential, including deposition transcripts, extracts or summaries of confidential documents, or other papers served in connection with this Action. In designating information as confidential, the CCR will make such designation only as to that information that the CCR in good faith believes contains confidential information entitled to protection in conformity with the standards of Fed. R. Civ. P. 26(c).

2. <u>Manner of Designating CCR Confidentiality Discovery Material</u>. Documents or other materials (apart from depositions or other pretrial testimony) shall be deemed CCR Confidential Discovery Material if the CCR affixes the legend "Confidential" to the copy of any page. The legend "Confidential" does not need to be affixed to an original document to maintain the designation of such document as "Confidential" under this Stipulated Confidentiality Order.

2

If any CCR Confidential Discovery Material is used at any deposition or other pretrial testimony, then the portion of such deposition or other pretrial testimony in which CCR Confidential Discovery Material are marked as exhibits or shown to the deponent or otherwise employed, as well as any such exhibits themselves, shall be considered confidential and subject to the provisions of this Stipulated Confidentiality Order, and the relevant portions of the transcript shall be labeled as "Confidential."

3. <u>Disclosure of CCR Confidential Discovery Material</u>. CCR Confidential Discovery Material may be disclosed, summarized, described, characterized or otherwise communicated or made available in whole or in part only to the following persons, and only to the extent reasonably necessary for purposes of this Action:

(a) inside or outside counsel to the parties in this Action, or attorneys, clerical, paralegal and secretarial staff regularly employed by such counsel;

(b) directors, officers, and employees of the parties, or any subsidiaries or affiliates thereof;

(c) trial or deposition witnesses and their counsel, during the course of or in preparation for depositions or testimony in connection with this Action;

(d) any person who is identified as the author or recipient of a document designated as CCR Confidential Discovery Material;

(e) experts or consultants (including their employees, associates, support staff, and other persons retained by them for assistance) specifically retained by the parties for purposes relating to this Action;

(f) the Court, persons employed by the Court, the jury (if any) or stenographers transcribing the testimony or argument at a hearing, trial or deposition in this Action or any appeal therefrom; or

(e) any other person only upon order of the Court or with the written consent of the CCR.

4. <u>Agreement to Be Bound By Stipulated Order of Confidentiality</u>. Prior to disclosure of CCR Confidential Discovery Material pursuant to paragraph 3 above, each person

3

to whom disclosure is made shall be informed by the disclosing party of the existence and provisions of this Stipulated Confidentiality Order.

5.  <u>Objection to Designation of Discovery Material As "Confidential"</u>. A party shall not be obligated to challenge the propriety of a confidentiality designation at the time made, and failure to do so shall not preclude a subsequent challenge to such designation. If any party objects to the designation of any Discovery Material as "Confidential," the party shall state the objection by letter to counsel for the CCR. If the objecting party and the CCR are then unable to resolve the objection after a good faith effort to do so, the objecting party may move the Court to do so and the motion shall be served on the CCR. The CCR shall then have five business days to respond to any such motion. Until the Court rules on any such motion, the Discovery Material shall continue to be deemed "Confidential" under the terms of this Stipulated Confidentiality Order.

6.  <u>Inadvertent Disclosure of Confidential Information</u>. The inadvertent or unintentional disclosure of confidential information by any party hereto, regardless of whether the information was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of the CCR's claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto on the same or related subject matter.

7.  <u>Filing Confidential Discovery Material With The Court</u>. If any party files CCR Confidential Discovery Material with the Court, including documents that reveal, disclose or summarize information contained in documents designated as "Confidential", the CCR Confidential Discovery Material shall be filed under seal without the need of further Court Order. The CCR Confidential Discovery Material shall be filed in sealed envelopes on which shall be endorsed the titles of these Consolidated Actions, a brief indication of the nature of the

4

contents of the sealed envelope, the word "CONFIDENTIAL," and a statement substantially in the following form:

> THIS ENVELOPE CONTAINS DOCUMENTS OR PAPERS THAT HAVE BEEN DESIGNATED AS CONFIDENTIAL OR THAT CONTAIN CCR CONFIDENTIAL DISCOVERY MATERIAL AND THAT ARE UNDER THE PROTECTION OF A COURT ORDER. THE DOCUMENTS OR THEIR CONTENTS MAY NOT BE DIVULGED OR DISCLOSED WITHOUT PRIOR ORDER OF THIS COURT.

All such CCR Confidential Discovery Material shall not become part of the public record, but shall be part of the record considered by the Court on the issue or issues to which they may be relevant. Any filing with the Court containing CCR Confidential Discovery Material, including documents that reveal, disclose or summarize information contained in documents designated as "Confidential", shall not be filed electronically. Instead, a party shall electronically file a notice of service containing the title of the document that has been filed under seal and the notice of service shall indicate that the document was filed under seal pursuant this Stipulated Confidentiality Order.

8. <u>Confidential Status Retained</u>. In the event that any CCR Confidential Discovery Material is used in any court proceeding in this Action, that CCR Confidential Discovery Material shall keep its status as CCR Confidential Discovery Material. Advance written notice of such anticipated use shall be provided to the CCR, and counsel shall confer on such procedures as are necessary to protect the confidentiality of any documents, information and transcripts used in the course of any court proceedings.

9. <u>Response to Subpoena or Other Legal Process</u>. If any person receiving documents covered by this Stipulated Confidentiality Order is served with a subpoena, request

5

for production of documents, or other similar legal process in another proceeding (including any proceeding before any other court, regulatory agency, law enforcement or administrative body) seeking CCR Confidential Discovery Material, that person shall give timely notice to the CCR in order to provide the CCR with a reasonable opportunity to assert any objection to the requested production. If the CCR objects to the production, the CCR Confidential Discovery Material shall not be produced except pursuant to a court order (or other order which subjects the party to penalties for noncompliance) requiring compliance with the subpoena, request for production, or other legal process. The CCR shall be solely responsible for asserting any objection to the requested production. Nothing herein shall be construed as requiring a party or anyone else covered by this Stipulated Confidentiality Order to challenge or appeal any such order requiring production of CCR Confidential Discovery Material covered by this Stipulated Confidentiality Order, or to subject itself to any penalties for noncompliance with any such Order, or to seek any relief from this Court.

10. <u>Return or Destruction of CCR Confidential Discovery Material</u>. Within thirty days after a judgment or dismissal in this Action becomes final and nonappealable, all persons having received CCR Confidential Discovery Material shall either return such material and all copies thereof (including summaries and excerpts) to counsel for the CCR or destroy all much CCR Confidential Discovery Material and certify that fact, except to the extent that a party is required to retain such documents pursuant to applicable regulation(s) and/or statute(s). In the event a party is required by law or by regulation to retain a copy of CCR Confidential Discovery Material, that party shall notify the other parties hereto of that fact and identify the documents it is required to retain. Counsel for the parties shall be entitled to retain court papers, deposition and trial transcripts and attorney work product provided that such counsel, and employees of

such counsel, shall not disclose such court papers or attorney work product to any person except pursuant to court order or agreement with the CCR. All materials returned to the parties or their counsel by the Court likewise shall be disposed of in accordance with this paragraph.

11.     <u>Headings</u>. The headings set forth in the numbered paragraphs of this Stipulated Confidentiality Order are for convenience only, and shall not be used to expand, limit, or interpret the substantive terms of this Stipulated Confidentiality Order.

12.     <u>Stipulated Confidentiality Order Effective Immediately</u>. The parties agree to be bound by the terms of this Stipulated Confidentiality Order pending its entry by the Court, and any violation of its terms shall be subject to the same sanctions and penalties, as if this Stipulated Confidentiality Order had been entered by the Court.

13.     <u>Continuing Effect of Stipulated Confidentiality Order</u>. The provisions of this Stipulated Confidentiality Order shall, absent written permission of the CCR or further order of the Court, continue to be binding throughout and after the conclusion of this Action.

[REMAINDER OF PAGE LEFT BLANK]

Dated: May 25, 2005

WEIL, GOTSHAL & MANGES LLP

_____
Adam P. Strochak
Peter M. Friedman
1501 K Street, NW
Washington, DC 20005

-and-

FERRY, JOSEPH & PEARCE, P.A.

_____
Theodore J. Tacconelli (No. 2678)
Rick S. Miller (No. 3418)
824 Market Street, Suite 904
Wilmington, DE 19801

Attorneys for the Asbestos Property Damage Committee

Dated: May ___, 2005

CAPLIN & DRYSDALE

_____
Nathan D. Finch
1 Thomas Circle
Washington, DC 20005
Attorneys for the Official Committee of Asbestos Claimants

Dated: May 25, 2005

YOUNG, CONAWAY, STARGATT & TAYLOR, LLP

_____
Rolin Bissell
Maribeth Minella
1000 West Street, 17th Floor
Wilmington, DE 19801
Attorneys for the Legal Representative for Future Claimants

8

Dated: May __, 2005                WEIL, GOTSHAL & MANGES LLP

 

_____
Adam P. Strochak
Peter M. Friedman
1501 K Street, NW
Washington, DC 20005
Attorneys for the Asbestos Property Damage Committee

Dated: May __, 2005                CAPLIN & DRYSDALE

*/s/ Nathan D. Finch*
_____
Nathan D. Finch
1 Thomas Circle
Washington, DC 20005
Attorneys for the Official Committee of Asbestos Claimants

Dated: May __, 2005                YOUNG, CONAWAY, STARGATT & TAYLOR, LLP

_____
Rolin Bissell
Maribeth Minella
1000 West Street, 17th Floor
Wilmington, DE 19801
Attorneys for the Legal Representative for Future Claimants

Dated: May __, 2005                GOODWIN PROCTER LLP

_____
William R. Hanlon
Richard Wyner
901 New York Avenue, N.W.
Washington, D.C. 20001
Attorneys for Center for Claims Resolution

[Stipulated Confidentiality Order]

Dated: May __, 2005                 WEIL, GOTSHAL & MANGES LLP

                                    _____
                                    Adam P. Strochak
                                    Peter M. Friedman
                                    1501 K Street, NW
                                    Washington, DC 20005
                                    Attorneys for the Asbestos Property Damage Committee

Dated: May __, 2005                 CAPLIN & DRYSDALE

                                    _____
                                    Nathan D. Finch
                                    1 Thomas Circle
                                    Washington, DC 20005
                                    Attorneys for the Official Committee of Asbestos
                                    Claimants

Dated: May __, 2005                 YOUNG, CONAWAY, STARGATT & TAYLOR, LLP

                                    _____
                                    Rolin Bissell
                                    Maribeth Minella
                                    1000 West Street, 17th Floor
                                    Wilmington, DE 19801
                                    Attorneys for the Legal Representative for
                                    Future Claimants

Dated: May 25, 2005                 GOODWIN PROCTER LLP

                                    /s/ William R. Hanlon
                                    _____
                                    William R. Hanlon
                                    Richard Wyner
                                    901 New York Avenue, N.W.
                                    Washington, D.C. 20001
                                    Attorneys for Center for Claims Resolution, Inc.

[Stipulated Confidentiality Order]

8

Dated: May 25, 2005

SIDLEY AUSTIN BROWN & WOOD LLP

*/s/ Richard T. Peters*

James F. Conlan
Larry Nyhan
Richard T. Peters
Kevin T. Lantry
Bank One Plaza
10 South Dearborn Street
Chicago, Illinois 60603
(312) 853-7000

[Stipulated Confidentiality Order]

9