IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

In re: Federal Mogul Global, Inc., *et al.*,        (Bankruptcy # 01-10578)(RTL)

      Debtors.

---

THE OFFICIAL COMMITTEE OF       )
ASBESTOS CLAIMANTS and          )
ERIC D. GREEN, as the           )
LEGAL REPRESENTATIVE FOR        )
FUTURE ASBESTOS CLAIMANTS,      )
                                      )
      Plaintiffs,               )
                                      )
v.                              )   Civil Action No. 05-59 JHR
                                      )
ASBESTOS PROPERTY              )
DAMAGE COMMITTEE,              )
                                      )
      Defendant.                )

**PLAINTIFFS' PRE-HEARING DISCLOSURES**

Pursuant to this Court's Case Management Order dated March 30, 2005 [D.I. 17], Plaintiffs Official Committee of Asbestos Claimants (the "ACC") and Eric D. Green, the legal representative for future asbestos-related personal injury and wrongful death claimants[1] (the "Futures Representative") hereby make the following pre-hearing disclosures for the Asbestos Claims Estimation Hearing, which is scheduled to begin on June 14, 2005.

**Plaintiffs' Fact Witnesses and Subject Matter of Testimony**

      Plaintiffs expect to call the following fact witnesses in their case-in-chief:

---

[1] All subsequent references to "asbestos personal injury claims" include death claims as well.

Paul Hanly, Esquire: Mr. Hanly served as National Trial Counsel for Turner & Newall ("T&N") from the early 1980s until it filed for bankruptcy protection in October 2001. In this capacity, he supervised and conducted T&N's defense of asbestos litigation throughout the United States in the years preceding T&N's bankruptcy. He will describe the products and activities that gave rise to T&N's liability for asbestos personal injury claims and the vulnerabilities created for it by documents in its files that showed its early knowledge of the dangers of its asbestos-containing products. He will describe the nature of the claims and causes of action asserted against T&N by asbestos personal injury plaintiffs in the United States, T&N's history of litigating and resolving claims in the United States tort system, both within the Center for Claims Resolution and as a stand alone defendant, and the criteria for compensability before T&N would pay a claim.

Andrea Chrichton: Ms. Crichton assisted T&N's Group Solicitor (equivalent to its general counsel) with all asbestos-related litigation in the United Kingdom. Ms. Crichton is familiar with T&N's asbestos personal injury litigation history in the United Kingdom, and was involved in the settlement or disposition of thousands of U.K. claims. Ms. Crichton's testimony will describe the nature of the allegations made in the asbestos personal injury claims compensated by T&N in the United Kingdom as well T&N's history of handling asbestos personal injury claims, both in formal court filings and informal submissions, under the U.K. tort system.

Plaintiffs may also call the following fact witness as a rebuttal witness:

Mark Atlas: Mr. Atlas is a former employee of Navigant Consulting, the entity that employs Defendant Asbestos Property Damage Committee's claims estimation expert.

**Plaintiffs' Expert Witnesses and Subject Matter of Testimony**

Plaintiffs expect to call the following expert witnesses in their case-in-chief:

Dr. Laura Welch, M.D.: Dr. Welch is a nationally recognized expert in the diagnosis and management of asbestos related diseases and the epidemiology of asbestos related disease. She will offer expert opinion testimony on these and other aspects of asbestos related medical issues. A copy of her curriculum vitae and her Rule 26(a)(2) Expert Witness Report setting forth a full description of the subject matters of her testimony were previously filed with the Court on April 26, 2005 [D.I. 23].

Barbara Dohmann, Q.C.: Ms. Dohmann is an English Barrister and a Queen's Counsel who is an expert in choice of law. She will offer expert opinion testimony on the issues of what law an English Court would apply to asbestos personal injury claims brought against T&N by U.S. residents who were exposed in the United States to the asbestos fibers or asbestos containing products supplied by T&N to the United States and who manifested asbestos related diseases in the United States. A copy of her curriculum vitae and her Rule 26(a)(2) Expert Witness Report setting forth a full description of the complete subject matters of her testimony were previously filed with the Court on April 26, 2005 [D.I. 22].

Mark A. Peterson, Ph.D., J.D.: Plaintiffs' claims estimation expert is Dr. Mark Peterson, a lawyer and behavioral scientist by training who has been recognized by numerous federal and state courts as an expert on the valuation of asbestos personal injury liabilities. Dr. Peterson has experience as an expert witness in bankruptcy estimation proceedings and has projected asbestos personal injury liabilities in other

contexts, including for trusts, defendants, insurers, and courts. Dr. Peterson will present the bases for his conclusion that the present value of Turner & Newall's U.S. claims is within the range of $8.2 to $11.0 billion, and that the liability for U.K. claims is an additional £229 million. Dr. Peterson may also testify as a rebuttal witness to the flaws in the methodology used, and results reached, by Dr. Robin Cantor, who has submitted an estimation report on behalf of Defendant. Dr. Peterson has submitted three Rule 26(a)(2) Expert Witness Reports in this proceeding: an initial report dated November 29, 2004; a Supplemental Report dated April 26, 2005, both of which were filed with this Court on April 26, 2005 [D.I. 24 and D.I. 25]; and a Rebuttal to Expert Witness Report of Dr. Robin Cantor, filed May 13, 2005 [D.I. 33]. These reports disclose the subject matters and areas of testimony on which Dr. Peterson will be asked to opine. A copy of his curriculum vitae is attached to his November 29, 2004 Report.

Plaintiffs may also call the following expert as a rebuttal witness:

<u>Larry Tersigni, CPA</u>: Mr. Tersigni is an accountant and financial advisor to the ACC in these proceedings. Depending on the nature of the Defendant's proof, Mr. Tersigni may be asked to offer his opinion that the disclosure of contingent liabilities under Generally Accepted Accounting Principles as presented in a company's financial statements filed with the SEC often do not contain the best and most accurate estimate of those liabilities. A copy of his curriculum vitae and a disclosure of the subject matters of his testimony are set forth in his Expert Witness Report dated May 13, 2005 [D.I. 32].

Plaintiffs reserve the right to call in their direct case any witness identified on any other party's witness disclosure list. If any other party refuses to stipulate to the authenticity of any of Plaintiffs' trial exhibits, or that an exhibit which qualifies as a

business record within the meaning of Federal Rule of Evidence 803(6) is in fact a business record, Plaintiffs reserve the right to call an appropriate custodian of records from Federal Mogul or Turner & Newall to lay a foundation to establish the authenticity and admissibility of a particular document.

### Plaintiffs' List of Trial Exhibits

A list of exhibits that Plaintiffs *may* offer into evidence is attached to this cover pleading as Exhibit A. In accordance with this Court's March 30, 2005 Case Management Order, a CD-Rom with electronic copies of each exhibit identified on Plaintiffs' Trial Exhibit List will be delivered to counsel for the Defendant on or before June 8, 2005; copies of pre-marked exhibits will be provided to the Court at the beginning of the hearing.

Pre-marking and identification of a document on their Trial Exhibit List does not mean that Plaintiffs necessarily intend offer any particular exhibit into evidence, nor does pre-marking and listing an exhibit mean that Plaintiffs agree that it is relevant or admissible. Plaintiffs specifically reserve any and all objections to an exhibit's admissibility until the time such an exhibit is offered at the hearing.

Additionally, by agreement between counsel and in accordance with the local rules for the United States District Court for the District of New Jersey, the respective parties' Trial Exhibit Lists contain only those exhibits that a party might offer in its case-in-chief, and do not include exhibits which may be used for cross-examination, impeachment, or rebuttal purposes. Plaintiffs specifically reserve the right to use any document for cross-examination, impeachment or rebuttal purposes. Exhibits that may be used for cross-examination, rebuttal or impeachment purposes will be pre-marked for

5

identification so that time is not wasted in the courtroom marking exhibits, but will not be disclosed on the list of potential trial exhibits.

By agreement, demonstrative exhibits used in a party's direct case (e.g., Plaintiffs' Exhibit ___, Dr. Mark A. Peterson Direct Case Demonstratives) will be provided to the opposing parties 48 hours in advance of their use.

Plaintiffs also reserve the right to offer in their case-in-chief any exhibit identified on any other party's Trial Exhibit List. If any other party refuses to stipulate to the authenticity of any of the exhibits offered by Plaintiffs, or that an exhibit which qualifies as a business record within the meaning of Federal Rule of Evidence 803(6) is in fact a business record, Plaintiffs reserve the right to call an appropriate custodian of records from Federal Mogul or Turner & Newall to lay a foundation to establish the authenticity and admissibility of a particular document.

**Plaintiffs' Designation of Deposition Testimony**

Plaintiffs do not presently intend to offer any deposition testimony in their case-in-chief but may offer deposition testimony in rebuttal. Plaintiffs will provide counter-designations of deposition testimony should any other party designate deposition testimony for use at the hearing. Once Plaintiffs receive the designations of deposition testimony from other parties, if any, they will provide counter-designations and objections as quickly as possible and the parties will submit to the Court a complete copy of each deposition which has been designated showing the portions designated by Plaintiffs in one color and the portions designated by other parties in another color.

**Plaintiffs' Pre-Hearing Memorandum**

Plaintiffs' pre-hearing memorandum will be filed simultaneously herewith.

6

Dated: Wilmington, Delaware
      May 31, 2005

| | |
|---|---|
| CAPLIN & DRYSDALE, CHARTERED<br>Elihu Inselbuch<br>399 Park Avenue<br>New York, New York 10022<br>Telephone: (212) 319-7125<br>Facsimile: (212) 644-6755<br><br>-and-<br><br>CAPLIN & DRYSDALE, CHARTERED<br>Walter B. Slocombe<br>Nathan D. Finch<br>One Thomas Circle, N.W.<br>Washington, DC 20005<br>Telephone: (202) 862-5000<br>Facsimile: (202) 429-3301<br><br>-and-<br><br>CAMPBELL & LEVINE, LLC<br><br>/s/: Marla R. Eskin<br>Marla R. Eskin (No. 2989)<br>Kathleen J. Campbell (No. 4229)<br>800 N. King Street, Suite 300<br>Wilmington, Delaware 19801<br>Telephone: (302) 426-1900<br>Facsimile: (302) 426-9947<br><br>Attorneys for Official Committee of<br>Asbestos Claimants | YOUNG CONAWAY<br>STARGATT & TAYLOR LLP<br><br>_/s/ M. M._<br>James L. Patton, Jr. (No. 2202)<br>Edwin J. Harron (No. 3396)<br>Rolin Bissell (No. 4478)<br>Maribeth L. Minella (No. 4185)<br>1000 West Street, 17th Floor<br>P.O. Box 391<br>Wilmington, Delaware 19899-0391<br>Telephone: (302) 571-6600<br>Facsimile: (302) 571-1253<br><br>Attorneys for Legal Representative for<br>Future Asbestos Claimants |

# EXHIBIT A

Case 1:05-cv-00059-JHR   Document 45-3   Filed 05/31/2005   Page 8 of 16

Federal Mogul: List of Plaintiffs' Potential Trial Exhibits

| Trial Exhibit No. | Document Description | Date | Deposition Exhibit No. | Bates Range | Confidentiality Designation | Admitted |
|---|---|---|---|---|---|---|
| Plaintiffs' Exhibit 1 | Curriculum Vitae of Mark Peterson | | | | | |
| Plaintiffs' Exhibit 2 | Expert Report of Mark Peterson | Nov. 29, 2004 | | | | |
| Plaintiffs' Exhibit 3 | CCR Producer Agreement | Sep. 28, 1988 | | | | |
| Plaintiffs' Exhibit 4 | Demonstrative Exhibit Slide Show of Mark Peterson (Direct Case) | | | | | |
| Plaintiffs' Exhibit 5 | Occupational Exposure to Asbestos: Population at Risk and Projected Mortality -- 1980-2030, by William J. Nicholson, Ph.D. et al. | 1982 | | | | |
| Plaintiffs' Exhibit 6 | HRE Report: Mesothelioma Mortality in Great Britain: Estimating the Future Burden | Dec. 2003 | | | | |
| Plaintiffs' Exhibit 7 | Turner & Newall Corporate Liability Document | 1931 | | | | |
| Plaintiffs' Exhibit 8 | Turner & Newall Corporate Liability Document | Feb. 16, 1942 | | | | |

| Trial Exhibit No. | Document Description | Date | Deposition Exhibit No. | Bates Range | Confidentiality Designation | Admitted |
|---|---|---|---|---|---|---|
| Plaintiffs' Exhibit 9 | Turner & Newall Corporate Liability Document | Mar. 8, 1943 | | | | |
| Plaintiffs' Exhibit 10 | Turner & Newall Corporate Liability Document | June 8, 1954 | | | | |
| Plaintiffs' Exhibit 11 | Turner & Newall Corporate Liability Document | Jan. 8, 1968 | | | | |
| Plaintiffs' Exhibit 12 | Turner & Newall Corporate Liability Document | Oct. 28, 1957 | | | | |
| Plaintiffs' Exhibit 13 | Turner & Newall Corporate Liability Document | May 11, 1983 | | | | |
| Plaintiffs' Exhibit 14 | Supplemental Expert Report of Mark Peterson | Apr. 26, 2005 | | | | |
| Plaintiffs' Exhibit 15 | Rebuttal Expert Report of Mark Peterson | May 13, 2005 | | | | |
| Plaintiffs' Exhibit 16 | EMB Report on T&N Asbestos Liabilities | July 27, 2004 | | | | |
| Plaintiffs' Exhibit 17 | Tillinghast Report on T&N Asbestos Liabilities | Sep. 2004 | | | | |
| Plaintiffs' Exhibit 18 | Curriculum Vitae of Andrea Crichton | | | | | |
| Plaintiffs' Exhibit 19 | Curriculum Vitae of Paul Hanly | | | | | |

2

| Trial Exhibit No. | Document Description | Date | Deposition Exhibit No. | Bates Range | Confidentiality Designation | Admitted |
|---|---|---|---|---|---|---|
| Plaintiffs' Exhibit 20 | Settlement Agreement with Weitz & Luxenberg (New York) | Sep. 25, 1998 | | CCRFM 001130 - 001150 | Confidential | |
| Plaintiffs' Exhibit 21 | Settlement Agreement with Provost Umphrey (Texas) | Nov. 2, 1999 | | CCRFM 001378 - 001407 | Confidential | |
| Plaintiffs' Exhibit 22 | Factual Assumptions for Barbara Dohrmann Q.C. (Annex 3 to Dohrmann Report) | | | | | |
| Plaintiffs' Exhibit 23 | Curriculum Vitae of Laura Welch | | | | | |
| Plaintiffs' Exhibit 24 | Expert Report of Laura Welch | Apr. 26, 2005 | | | | |
| Plaintiffs' Exhibit 25 | Diagnosis and Initial Management of Nonmalignant Diseases Related to Asbestos, American Thoracic Society (color copy) | Dec. 12, 2003 | | | | |
| Plaintiffs' Exhibit 26 | The Diagnosis of Nonmalignant Diseases Related to Asbestos, American Thoracic Society | Mar. 1986 | | | | |
| Plaintiffs' Exhibit 27 | Asbestos, Asbestosis, and Cancer: the Helsinki Criteria for Diagnosis and Attribution | 1997 | | | | |
| Plaintiffs' Exhibit 28 | Guides to the Evaluation of Permanent Evaluation, 5th ed., American Medical Association | | | | | |

3

| Trial Exhibit No. | Document Description | Date | Deposition Exhibit No. | Bates Range | Confidentiality Designation | Admitted |
|---|---|---|---|---|---|---|
| Plaintiffs' Exhibit 29 | Predictors of Lung Cancer among Asbestos-exposed Men in the B-Carotene and Retinol Efficacy Trial, M. Cullen et al. | 2005 | | | | |
| Plaintiffs' Exhibit 30 | Pulmonary Fibrosis in Asbestos Insulation Workers with Lung Cancer: a radiological and histopathological evaluation, H.M. Kipen et al. | 1987 | | | | |
| Plaintiffs' Exhibit 31 | Radiographic Asbestosis is Not a Prerequisite for Asbestos-Associated Lung Cancer in Ontario Asbestos-Cement Workers, American Journal of Industrial Medicine, M. Finkelstein | 1997 | | | | |
| Plaintiffs' Exhibit 32 | 'B-Readers' and Asbestos Medical Surveillance, Journal of Occupational Medicine, A. Ducatman et al. | Aug. 1988 | | | | |
| Plaintiffs' Exhibit 33 | Work-Related Lung Surveillance Report 2002, excerpts | May 2003 | | | | |
| Plaintiffs' Exhibit 34 | Demonstrative Exhibit Slide Show of Mark Peterson (Rebuttal Case) | | | | | |

4

| Trial Exhibit No. | Document Description | Date | Deposition Exhibit No. | Bates Range | Confidentiality Designation | Admitted |
|---|---|---|---|---|---|---|
| Plaintiffs' Exhibit 35 | After Helsinki: a Multidisciplinary Review of the Relationship between Asbestos Exposure and Lung Cancer, D. Henderson et al. | 2004 | | | | |
| Plaintiffs' Exhibit 36 | Curriculum Vitae of Barbara Dohmann Q.C. | | | | | |
| Plaintiffs' Exhibit 37 | Expert Report of Barbara Dohmann | Apr. 26, 2005 | | | | |
| Plaintiffs' Exhibit 38 | Demonstrative Exhibit of Barbara Dohmann | | | | | |
| Plaintiffs' Exhibit 39 | Composite Exhibit – Binders Containing Authorities Relied Upon by Barbara Dohmann | | | | | |
| Plaintiffs' Exhibit 40 | Rebuttal Expert Report of Loreto Tersigni | May 13, 2005 | | | | |
| Plaintiffs' Exhibit 41 | Demonstrative Exhibit of Loreto Tersigni | | | | | |
| Plaintiffs' Exhibit 42 | Owens Corning 10-K for the year ended December 31, 2000 | | | | | |
| Plaintiffs' Exhibit 43 | Owens Corning 10-K for the year ended December 31, 2004 | | | | | |
| Plaintiffs' Exhibit 44 | Owens Corning 10-Q for the quarter ended March 31, 2005 | | | | | |

5

| Trial Exhibit No. | Document Description | Date | Deposition Exhibit No. | Bates Range | Confidentiality Designation | Admitted |
|---|---|---|---|---|---|---|
| Plaintiffs' Exhibit 45 | Manville Trust Spreadsheet re: Claims Filings 2001-2004 | | | | | |
| Plaintiffs' Exhibit 46 | CCR Processing and Procedures Verification Manual | | | CCRFM 000050 - 000229 | Confidential | |
| Plaintiffs' Exhibit 47 | CCR Summary of Billed Shares under 1998-2001 Settlements | | | CCRFMD 1 - 2 | Confidential | |
| Plaintiffs' Exhibit 48 | Manville Trust Letter to the Court and Attached Financial Statement for the Year Ending December 31, 2003 | Feb. 27, 2004 | | | | |
| Plaintiffs' Exhibit 49 | Manville Trust Letter to the Court and Attached Financial Statement for the Year Ending December 31, 2004 | Feb. 28, 2005 | | | | |
| Plaintiffs' Exhibit 50 | Manville Trust Letter to the Court and Attached Financial Statement for the Quarter Ending March 31, 2005 | Apr. 27, 2005 | | | | |
| Plaintiffs' Exhibit 51 | Settlement Agreement with Patten, Wornom, Hatten & Diamonstein and Glasser and Glasser (Virginia) | July 26, 2000 | | CCRFM 001010 - 001032 | Confidential | |
| Plaintiffs' Exhibit 52 | Settlement Agreement with Ness Motley (Maryland) | Feb. 9, 2000 | | CCRFM 000269 - 000300 | Confidential | |
| Plaintiffs' Exhibit 53 | Settlement Agreement with Climaco, Lefkowitz, Peca, Wilcox & Garofoli (Ohio) | Mar. 29, 2000 | | CCRFM 000968 - 001009 | Confidential | |

6

| Trial Exhibit No. | Document Description | Date | Deposition Exhibit No. | Bates Range | Confidentiality Designation | Admitted |
|---|---|---|---|---|---|---|
| Plaintiffs' Exhibit 60 | Expert Report of Hans Weill | May 13, 2005 | | | | |
| Plaintiffs' Exhibit 61 | Year by Disease Projections (Appendix A to Peterson Report) | | | | | |
| Plaintiffs' Exhibit 62 | Changing Trends in U.S. Mesothelioma Incidence, Weill et al. | 2004 | | | | |
| Plaintiffs' Exhibit 63 | SEER Registry Printouts | | | | | |
| Plaintiffs' Exhibit 64 | Expert Report of Robin Cantor | Nov. 29, 2004 | | | | |
| Plaintiffs' Exhibit 65 | Supplemental Expert Report of Robin Cantor | Apr. 26, 2005 | | | | |
| Plaintiffs' Exhibit 66 | Rebuttal Expert Report of Robin Cantor | May 13, 2005 | | | | |
| Plaintiffs' Exhibit 67 | USG Financial Statement | 2002 | | | | |
| Plaintiffs' Exhibit 68 | Union Carbide Financial Statement | 2002 | | | | |
| Plaintiffs' Exhibit 69 | Union Carbide Financial Statement | 2003 | | | | |
| Plaintiffs' Exhibit 70 | Union Carbide Financial Statement | 2004 | | | | |

| Plaintiffs' Exhibit 71 | Expert Report of Robin Cantor in Congoleum v. Insurance Companies | | | | |
|---|---|---|---|---|---|
| Plaintiffs' Exhibit 72 | Drawing – Calibration Period Deaths | | | | |
| Plaintiffs' Exhibit 73 | RAND Report: Asbestos Litigation | 2005 | | | |
| Plaintiffs' Exhibit 74 | Cantor Demonstrative Exhibits from December 2004 Trial | | | | |

8