2002 U.S. Dist. LEXIS 16590, *

LEXSEE 2002 US DIST LEXIS 16590

**IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI); This Document Relates to: ALL ACTIONS**

**CIVIL ACTION NO. MDL 875 (Including MARDOC, FELA, and TIREWORKER cases)**

**UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**2002 U.S. Dist. LEXIS 16590**

**January 14, 2002, Decided**
**January 15, 2002, Filed; January 16, 2002, Entered**

**DISPOSITION:**    [*1]    Cases administratively dismissed.

**COUNSEL:** For FRANCIS E. MCGOVERN, SPECIAL MASTER: FRANCIS E. MC GOVERN, THE UNIVERSITY OF ALABAMA, TUSCALOOSA, AL USA.

For STEPHEN B. BURBANK, SPECIAL MASTER: STEPHEN B. BURBANK, UNIV OF PA LAW SCHOOL, PHILA, PA USA.

**JUDGES:** Charles R. Weiner, S.J.

**OPINIONBY:** Charles R. Weiner

**OPINION:**

### ADMINISTRATIVE ORDER NO. 8

THE COURT, has previously received the Motion For Case Management Order Concerning Mass Litigation Screenings, and has held a hearing thereon and reviewed the briefs and comments from counsel regarding the issue. The Court notes that a similar situation regarding the massive MARDOC filings was resolved by an administrative order dismissing those cases without prejudice and tolling the applicable statutes of limitations while retaining those actions in a special active status category. The Court feels that this administrative process has worked well with the Court's continued supervision as well as counsel monitoring the cases that become ready for trial or disposition.

Priority will be given to the malignancy and other serious health cases over the asymptomatic claims.

Furthermore, the position of the moving parties, that the screening cases have [*2] been filed without a doctor-patient medical report setting forth an asbestos related disease, has not been refuted. The basis of each filing, according to the evidence of the moving parties, is a report to the attorney from the screening company which states that the potential plaintiff has an x-ray reading 'consistent with' an asbestos related disease. Because this report may set in motion the running of any applicable statutes of limitations, a suit is then commenced without further verification. Oftentimes these suits are brought on behalf of individuals who are asymptomatic as to an asbestos-related illness and may not suffer any symptoms in the future. Filing fees are paid, service costs incurred, and defense files are opened and processed. Substantial transaction costs are expended and therefore unavailable for compensation to truly ascertained asbestos victims.

The Court has the responsibility to administratively manage these cases so as to protect the rights of all of the parties, yet preserve and maintain any funds available for compensation to victims.

THE COURT FINDS that the filing of mass screening cases is tantamount to a race to the courthouse and has the effect of [*3] depleting funds, some already stretched to the limit, which would otherwise be available for compensation to deserving plaintiffs.

IT IS THEREFORE THE ORDER OF THIS COURT:

> 1. All non-malignant, asbestos related, personal-injury cases assigned to MDL 875 which were initiated through a mass

2002 U.S. Dist. LEXIS 16590, *

screening shall be subject to administrative dismissal without prejudice and with the tolling of all applicable statutes of limitations. A dismissal order may be prompted by motion of any party and, upon request, shall be subject to a hearing at which time the Court may receive evidence that such case does or does not qualify for administrative dismissal hereunder.

2. Once a case is administratively dismissed, the case will remain active for the Court to continue to entertain settlement motions and orders, motions for amendments to the pleadings, substitutions, and other routine matters not requiring a formal hearing.

3. Any party may request reinstatement to active status of a case by filing with the Court a request for reinstatement together with an affidavit setting forth the facts that qualify the case for active processing. The motion for reinstatement shall be served by [*4] mail (known counsel of record for a particular defendant shall suffice) upon all parties (whether previously served or not) and any party may within ten (10) days request a hearing on the motion. The burden at any hearing to reinstate shall be upon the plaintiff to show some evidence of asbestos exposure and evidence of an asbestos-related disease. Exposure to specific products shall not be a requirement for reinstatement.

4. Following reinstatement, counsel shall have thirty (30) days to complete initial service of process and answers will be due twenty (20) days following service.

The Court encourages the parties to work informally upon discovery and settlement of these cases during any period of administrative dismissal and will entertain necessary discovery motions to facilitate the process. The Court will also be available to convene all the necessary parties and to facilitate the progress of the cases that are ready for early settlement decisions, setting of trial dates, and/ or remand if desired.

BY THE COURT

Charles R. Weiner S.J.

Date: 1/14/02