18/03/2005 at 17:13 - content provided by the Butterworths Direct Online Service
*All rights reserved. No part of this text may be photocopied or otherwise reproduced without the written permission of Butterworths.*



Legislation Direct, UK Statutes, Private International Law (Miscellaneous Provisions) Act 1995 (1995 c 42)

# Private International Law (Miscellaneous Provisions) Act 1995

### 1995 CHAPTER 42

*An Act to make provision about interest on judgment debts and arbitral awards expressed in a currency other than sterling; to make further provision as to marriages entered into by unmarried persons under a law which permits polygamy; to make provision for choice of law rules in tort and delict; and for connected purposes*

[8th November 1995]

BE IT ENACTED by the Queen's most Excellent Majesty, by and with the advice and consent of the Lords Spiritual and Temporal, and Commons, in this present Parliament assembled, and by the authority of the same, as follows:–

Part I
Interest on Judgment Debts and Arbitral Awards

**1 Interest on judgment debts generally**

(1) ...

(2) Subsection (1) above does not apply in relation to a judgment given before the commencement of this section.

**NOTES**

**Initial Commencement**
*To be appointed*
To be appointed: see s 16(1).

**Appointment**
Appointment: 1 November 1996: see SI 1996/2515, art 2.

**Amendment**
Sub-s (1): inserts the Administration of Justice Act 1970, s 44A.

**2 Interest on county court judgment debts**

...

**NOTES**

**Initial Commencement**
   *To be appointed*
   To be appointed: see s 16(1).

**Appointment**
   Appointment: 1 November 1996: see SI 1996/2515, art 2.

**Amendment**
   This section inserts the County Courts Act 1984, s 74(5A).

**3 ...**

...

**NOTES**

**Amendment**
   Repealed by the Arbitration Act 1996, s107(2), Sch 4.

**4 Part I: consequential amendments**

(1) ...

(2) ...

(3) ...

**NOTES**

**Initial Commencement**
   *To be appointed*
   To be appointed: see s 16(1).

**Appointment**
   Appointment: 1 November 1996: see SI 1996/2515, art 2.

**Amendment**
   Sub-s (1): amends the Crown Proceedings Act 1947, s 24(1).
   Sub-s (2): amends the Agricultural Holdings Act 1986, Sch 11, para 22 and the Agricultural Holdings Act 1948, Sch 6, para 20B.
   Sub-s (3): repealed by the Proceeds of Crime Act 2002, s 457, Sch 12.
      Date in force: 24 March 2003: see SI 2003/333, art 2(1), Schedule; for savings see art 10(1)(g) thereof.

Part II
Validity of Marriages under a Law which permits Polygamy

**5 Validity in English law of potentially polygamous marriages**

(1) A marriage entered into outside England and Wales between parties neither of whom is already married is not void under the law of England and Wales on the ground that it is entered into under a law which permits polygamy and that either party is domiciled in England and Wales.

(2) This section does not affect the determination of the validity of a marriage by reference to the law of another country to the extent that it falls to be so determined in accordance with the rules of private international law.

**NOTES**

**Initial Commencement**
   *Specified date*
   Specified date: 8 January 1996: see s 16(2).

**Extent**
   This section does not extend to Scotland: see s 18(2).

**6 Application of section 5 to prior marriages**

(1) Section 5 above shall be deemed to apply, and always to have applied, to any marriage entered into before commencement which is not excluded by subsection (2) or (3) below.

(2) That section does not apply to a marriage a party to which has (before commencement) entered into a later marriage which either—

   (a)   is valid apart from this section but would be void if section 5 above applied to the earlier marriage; or

   (b)   is valid by virtue of this section.

(3) That section does not apply to a marriage which has been annulled before commencement, whether by a decree granted in England and Wales or by an annulment obtained elsewhere and recognised in England and Wales at commencement.

(4) An annulment of a marriage resulting from legal proceedings begun before commencement shall be treated for the purposes of subsection (3) above as having taken effect before that time.

(5) For the purposes of subsections (3) and (4) above a marriage which has been declared to be invalid by a court of competent jurisdiction in any proceedings concerning

either the validity of the marriage or any right dependent on its validity shall be treated as having been annulled.

(6) Nothing in section 5 above, in its application to marriages entered into before commencement—

    (a)    gives or affects any entitlement to an interest—

        (i) under the will or codicil of, or on the intestacy of, a person who died before commencement; or

        (ii) under a settlement or other disposition of property made before that time (otherwise than by will or codicil);

    (b)    gives or affects any entitlement to a benefit, allowance, pension or other payment—

        (i) payable before, or in respect of a period before, commencement; or

        (ii) payable in respect of the death of a person before that time;

    (c)    affects tax in respect of a period or event before commencement; or

    (d)    affects the succession to any dignity or title of honour.

(7) In this section "commencement" means the commencement of this Part.

**NOTES**

**Initial Commencement**
    *Specified date*
    Specified date: 8 January 1996: see s 16(2).

**Extent**
    This section does not extend to Scotland: see s 18(2).

**7 Validity and effect in Scots law of potentially polygamous marriages**

(1) A person domiciled in Scotland does not lack capacity to enter into a marriage by reason only that the marriage is entered into under a law which permits polygamy.

(2) For the avoidance of doubt, a marriage valid by the law of Scotland and entered into—

    (a)    under a law which permits polygamy; and

    (b)    at a time when neither party to the marriage is already married,

has, so long as neither party marries a second spouse during the subsistence of the marriage, the same effects for all purposes of the law of Scotland as a marriage entered into under a law which does not permit polygamy.

**NOTES**

**Initial Commencement**
*Specified date*
Specified date: 8 January 1996: see s 16(2).

**Extent**
This section applies to Scotland only: see s 18(2).

**8 Part II: supplemental**

(1)   Nothing in this Part affects any law or custom relating to the marriage of members of the Royal Family.

(2)   The enactments specified in the Schedule to this Act (which contains consequential amendments and amendments removing unnecessary references to potentially polygamous marriages) are amended in accordance with that Schedule.

(3)   Nothing in that Schedule affects either the generality of any enactment empowering the making of subordinate legislation or any such legislation made before the commencement of this Part.

**NOTES**

**Initial Commencement**
*Specified date*
Specified date: 8 January 1996: see s 16(2).

Part III
Choice of Law in Tort and Delict

**9 Purpose of Part III**

(1)   The rules in this Part apply for choosing the law (in this Part referred to as "the applicable law") to be used for determining issues relating to tort or (for the purposes of the law of Scotland) delict.

(2)   The characterisation for the purposes of private international law of issues arising in a claim as issues relating to tort or delict is a matter for the courts of the forum.

(3)   The rules in this Part do not apply in relation to issues arising in any claim excluded from the operation of this Part by section 13 below.

(4) The applicable law shall be used for determining the issues arising in a claim, including in particular the question whether an actionable tort or delict has occurred.

(5) The applicable law to be used for determining the issues arising in a claim shall exclude any choice of law rules forming part of the law of the country or countries concerned.

(6) For the avoidance of doubt (and without prejudice to the operation of section 14 below) this Part applies in relation to events occurring in the forum as it applies in relation to events occurring in any other country.

(7) In this Part as it extends to any country within the United Kingdom, "the forum" means England and Wales, Scotland or Northern Ireland, as the case may be.

(8) In this Part "delict" includes quasi-delict.

**NOTES**

**Initial Commencement**
    *To be appointed*
    To be appointed: see s 16(3).

**Appointment**
    Appointment: 1 May 1996: see SI 1996/995, art 2.

### 10 Abolition of certain common law rules

The rules of the common law, in so far as they—

    (a)    require actionability under both the law of the forum and the law of another country for the purpose of determining whether a tort or delict is actionable; or

    (b)    allow (as an exception from the rules falling within paragraph (a) above) for the law of a single country to be applied for the purpose of determining the issues, or any of the issues, arising in the case in question,

are hereby abolished so far as they apply to any claim in tort or delict which is not excluded from the operation of this Part by section 13 below.

**NOTES**

**Initial Commencement**
    *To be appointed*
    To be appointed: see s 16(3).

**Appointment**
    Appointment: 1 May 1996: see SI 1996/995, art 2.

**11 Choice of applicable law: the general rule**

(1) The general rule is that the applicable law is the law of the country in which the events constituting the tort or delict in question occur.

(2) Where elements of those events occur in different countries, the applicable law under the general rule is to be taken as being—

    (a)    for a cause of action in respect of personal injury caused to an individual or death resulting from personal injury, the law of the country where the individual was when he sustained the injury;

    (b)    for a cause of action in respect of damage to property, the law of the country where the property was when it was damaged; and

    (c)    in any other case, the law of the country in which the most significant element or elements of those events occurred.

(3) In this section "personal injury" includes disease or any impairment of physical or mental condition.

**NOTES**

**Initial Commencement**
    *To be appointed*
    To be appointed: see s 16(3).

**Appointment**
    Appointment: 1 May 1996: see SI 1996/995, art 2.

**12 Choice of applicable law: displacement of general rule**

(1) If it appears, in all the circumstances, from a comparison of—

    (a)    the significance of the factors which connect a tort or delict with the country whose law would be the applicable law under the general rule; and

    (b)    the significance of any factors connecting the tort or delict with another country,

that it is substantially more appropriate for the applicable law for determining the issues arising in the case, or any of those issues, to be the law of the other country, the general rule is displaced and the applicable law for determining those issues or that issue (as the case may be) is the law of that other country.

(2) The factors that may be taken into account as connecting a tort or delict with a country for the purposes of this section include, in particular, factors relating to the parties, to any of

the events which constitute the tort or delict in question or to any of the circumstances or consequences of those events.

**NOTES**

**Initial Commencement**
   *To be appointed*
   To be appointed: see s 16(3).

**Appointment**
   Appointment: 1 May 1996: see SI 1996/995, art 2.

### 13 Exclusion of defamation claims from Part III

(1)   Nothing in this Part applies to affect the determination of issues arising in any defamation claim.

(2)   For the purposes of this section "defamation claim" means—

   (a)   any claim under the law of any part of the United Kingdom for libel or slander or for slander of title, slander of goods or other malicious falsehood and any claim under the law of Scotland for verbal injury; and

   (b)   any claim under the law of any other country corresponding to or otherwise in the nature of a claim mentioned in paragraph (a) above.

**NOTES**

**Initial Commencement**
   *To be appointed*
   To be appointed: see s 16(3).

**Appointment**
   Appointment: 1 May 1996: see SI 1996/995, art 2.

### 14 Transitional provision and savings

(1)   Nothing in this Part applies to acts or omissions giving rise to a claim which occur before the commencement of this Part.

(2)   Nothing in this Part affects any rules of law (including rules of private international law) except those abolished by section 10 above.

(3)   Without prejudice to the generality of subsection (2) above, nothing in this Part—

   (a)   authorises the application of the law of a country outside the forum as the applicable law for determining issues arising in any claim in so far as to do so—

       (i)  would conflict with principles of public policy; or

       (ii)  would give effect to such a penal, revenue or other public law as would not otherwise be enforceable under the law of the forum; or

  (b)    affects any rules of evidence, pleading or practice or authorises questions of procedure in any proceedings to be determined otherwise than in accordance with the law of the forum.

(4) This Part has effect without prejudice to the operation of any rule of law which either has effect notwithstanding the rules of private international law applicable in the particular circumstances or modifies the rules of private international law that would otherwise be so applicable.

## NOTES

**Initial Commencement**
*To be appointed*
To be appointed: see s 16(3).

**Appointment**
Appointment: 1 May 1996: see SI 1996/995, art 2.

### 15 Crown application

(1) This Part applies in relation to claims by or against the Crown as it applies in relation to claims to which the Crown is not a party.

(2) In subsection (1) above a reference to the Crown does not include a reference to Her Majesty in Her private capacity or to Her Majesty in right of Her Duchy of Lancaster or to the Duke of Cornwall.

(3) Without prejudice to the generality of section 14(2) above, nothing in this section affects any rule of law as to whether proceedings of any description may be brought against the Crown.

## NOTES

**Initial Commencement**
*To be appointed*
To be appointed: see s 16(3).

**Appointment**
Appointment: 1 May 1996: see SI 1996/995, art 2.

Part IV
Supplemental

**16 Commencement**

(1) Part I shall come into force on such day as the Lord Chancellor may by order made by statutory instrument appoint; and different days may be appointed for different provisions.

(2) Part II shall come into force at the end of the period of two months beginning with the day on which this Act is passed.

(3) Part III shall come into force on such day as the Lord Chancellor and the Lord Advocate may by order made by statutory instrument appoint; and different days may be appointed for the commencement of Part III as it extends to England and Wales, Scotland or Northern Ireland.

**NOTES**

**Initial Commencement**
  *Royal Assent*
  Royal Assent: 8 November 1995: (no specific commencement provision).

**Transfer of Functions**
  By virtue of the Scotland Act 1998, s 44(1)(c), the Lord Advocate ceased, on 20 May 1999 (see SI 1998/3178), to be a Minister of the Crown and became a member of the Scottish Executive. Accordingly, certain functions of the Lord Advocate are transferred to the Secretary of State (or as the case may be the Secretary of State for Scotland), or the Advocate General for Scotland: see the Transfer of Functions (Lord Advocate and Secretary of State) Order 1999, SI 1999/678 and the Transfer of Functions (Lord Advocate and Advocate General for Scotland) Order 1999, SI 1999/679.

**Subordinate Legislation**
  Private International Law (Miscellaneous Provisions) Act 1995 (Commencement) Order 1996, SI 1996/995 (made under sub-s (3)).
  Private International Law (Miscellaneous Provisions) Act 1995 (Commencement No 2) Order 1996, SI 1996/2515 (made under sub-s (1)).

**17 Modification of Northern Ireland Act 1974**

An Order in Council under paragraph 1(1)(b) of Schedule 1 to the Northern Ireland Act 1974 (legislation for Northern Ireland in the interim period) which contains a statement that it is only made for purposes corresponding to the purposes of any provision of Part II shall not be subject to paragraph 1(4) and (5) of that Schedule (requirement for affirmative resolution procedure) but shall be subject to annulment in pursuance of a resolution of either House of Parliament.

**NOTES**

**Initial Commencement**
  *Royal Assent*
  Royal Assent: 8 November 1995: (no specific commencement provision).

**18 Extent**

(1) Any amendment made by this Act has the same extent as the enactment being amended.

(2) In Part II, sections 5 and 6 extend to England and Wales only, section 7 extends to Scotland only and section 8 extends to England and Wales and Scotland.

(3) Part III extends to England and Wales, Scotland and Northern Ireland.

**NOTES**

**Initial Commencement**
   *Royal Assent*
   Royal Assent: 8 November 1995: (no specific commencement provision).

**19 Short title**

This Act may be cited as the Private International Law (Miscellaneous Provisions) Act 1995.

**NOTES**

**Initial Commencement**
   *Royal Assent*
   Royal Assent: 8 November 1995: (no specific commencement provision).

## SCHEDULE
### CONSEQUENTIAL AND MINOR AMENDMENTS RELATING TO PART II

Section 8(2)

. . .

**NOTES**

**Initial Commencement**
   *Specified date*
   Specified date: 8 January 1996: see s 16(2).

**Amendment**
   This Schedule contains amendments to the Matrimonial Proceedings (Polygamous Marriages) Act 1972, s 2, the Matrimonial Causes Act 1973, ss 11, 47, the Matrimonial Homes Act 1983, s 10, and the Social Security Contributions and Benefits Act 1992, ss 121(1), 147(5).
   Repealed in part by the Family Law Act 1996, s 66(3), Sch 10.
      Date in force: 1 October 1997: see SI 1997/1892, art 3(1)(d)(ix).

---
end of selection
---